**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **BEST SIGN SYSTEMS, INC,** | : | **Civil Action No. 09-5244 (FLW)** |
| Plaintiff, | : | |
| v. | : | **AMENDED MEMORANDUM** |
| | : | **OPINION AND ORDER** |
| **CHAPMAN, et al.,** | : | |
| Defendants. | : | |

**ARPERT, U.S.M.J.,**

**I.    INTRODUCTION**

This matter has come before the Court on a Motion by Plaintiff Best Sign Systems, Inc., ("Best Signs" or "Plaintiff") for the entry of Default Judgment against Defendants James L. Chapman ("Chapman") and Tactile Consulting Group ("Tactile Consulting") (collectively, "Defendants") [dkt. entry no. 13]. The issue is whether a Default Judgment should be entered against Defendants based on their failure to comply with this Court's January 5, 2010 and February 18, 2010 Orders which directed Defendants to respond to Plaintiff's Complaint by January 22, 2010 and February 24, 2010, respectively.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff commenced this action against Defendants on October 14, 2009. The Complaint asserts several causes of action including breach of contract, misappropriation of trade secrets, unfair competition, and continuing disclosure of trade secrets and confidential information. (*See* Pl.'s Compl. at ¶¶ 41-68.) Plaintiff is an American manufacturer of wholesale architectural sign products designed to comply with specific requirements under the Americans with Disabilities

Act ("ADA"). (*Id*. at ¶ 1.) Chapman is a former employee of Tactile Graphics, LLC ("Tactile Graphics"), which had developed a plastic molding process (thermoforming) for ADA signage. (*Id*.) Chapman was terminated as an employee of Tactile Graphics when Best Signs acquired Tactile Graphics in October 2007. (*Id*. at ¶ 4.) At that time, Chapman executed a second confidentiality agreement with Tactile Graphics in which he "agreed to hold in strict confidence and 'not disclose' in any manner certain confidential information of Tactile Graphics, including the method and apparatus used in the manufacturing of thermoformed signs." (*Id*.) In addition to being a former employee of Tactile Graphics, Chapman is also a former employee of The SignWorks, Inc. ("SignWorks"), which is also a manufacturer of ADA signs. (*Id*. at ¶ 5.) Presently, Chapman operates his own independent consulting firm, Tactile Consulting (of no relation to Tactile Graphics). (*Id*.)

     Plaintiff alleges that Chapman has on multiple occasions breached the two confidentiality agreements he signed by disclosing information about the thermoforming process to potential customers of both Tactile Consulting and SignWorks. (*Id*. at ¶¶ 41-68.) While Defendants are currently proceeding *pro se*, they were initially represented by counsel.[1] Nonetheless, Defendants failed to timely respond to Plaintiff's Complaint as required by this Court's January 5, 2010 Pretrial Scheduling Order. (Pl.'s Br. at 2). At Plaintiff's request, the Court conducted a telephone conference with the parties on February 2, 2010 and subsequently ordered that Defendants file and serve responses to Plaintiff's Complaint no later than February 24, 2010. *Id*. Once again, the Defendants failed to timely serve or file any response to the Complaint and, as a result, on March 10, 2010 this Court entered default against both Defendants. The next day Plaintiff filed

---

[1] Defendants' counsel filed a substitution of counsel on February 9, 2010.

the instant Motion for the entry of a Default Judgment. Defendants opposed the Plaintiff's Motion for Default Judgment, submitted a response to Plaintiff's Complaint, and requested a hearing.

Chapman argues that he is financially unable to retain counsel to defend himself due to the temporary injunction and restraining order against him which render him unable to work in his chosen field. (Def.'s Jun 2, 2010 Ltr.) In addition, Chapman argues that he has a meritorious defense to Plaintiff's claims against him and, therefore, the entry of default judgment would be improper. *Id*. Specifically, Chapman maintains that he did not breach any confidentiality agreement because the information he submitted to various companies "was generic in nature and can be found almost anywhere in the public domain." *Id*.

### III.   DISCUSSION

Plaintiff argues that default judgment pursuant to Federal Rule of Civil Procedure 55(a) should be entered against Defendants for their repeated failure to comply with Court Orders. For the reasons stated below, the Court finds that default judgment is not warranted at this time . Accordingly, the Court denies Plaintiff's Motion for Default Judgment and sets aside the prior entry of Default.

#### A.   <u>Default Judgment</u>

The entry of default judgment is governed by Federal Rule of Civil Procedure 55. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), the party seeking entry must first obtain an entry of default pursuant to Fed. R. Civ. P. 55(a). *See* Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n. 1 (3d Cir. 2006).

Thereafter, it is within the discretion of the court whether to grant a motion for a default

judgment. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Even with adherence to the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Clearly, the Court's preference is to dispose of cases on the merits whenever practicable. *Id.* At 1181 (citations omitted). Therefore, the Court may set aside the entry of default in lieu of entering default judgment for good cause. *See* Fed. R. Civ. P. 55(c).

When default judgment against a defendant is sought the Court must consider three factors: (1) prejudice to plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### 1. **Prejudice to Plaintiff if default is denied**

Undoubtedly, Plaintiff has suffered the expense and inconvenience of delay in this case. However, the Court is not convinced that there is a level of prejudice to the Plaintiff that would justify the entry of default judgment. Plaintiff's Complaint rests primarily on the alleged disclosure of trade secrets by Defendants. Chapman contends that the confidential information that he allegedly disclosed was generic in nature and can be found within the public domain.

The Court notes that Plaintiff is presently protected by a restraining order which restricts Chapman from employment that would violate the confidentiality agreements and prevents Defendants from using disclosing, revealing and disseminating Plaintiff's trade secrets. Consequently, the Court finds no undue prejudice to Plaintiff.

### 2. **Litigable/Meritorious Defense**

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if

established at trial, would support recovery by plaintiff or constitute a complete defense." *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Although Defendants failed to respond to Plaintiff's Complaint within the time allowed by this Court, an Answer was ultimately submitted by Defendants with their opposition to this motion on March 23, 2010, and given the opportunity to proceed Defendants may be able to present a meritorious defense.

Chapman denies that he has disclosed any confidential information because information related to the thermoforming process is widespread throughout the public domain. (Def.'s Ltr. dated Jun 2, 2010.)  Defendants also claim that the thermoforming technology is not unlike the use of photopolymer for sign making and there are over 1000 companies using the same photopolymer "rubber stamp/flexo plate making" technology that has been in the public domain since the 1960's. *Id.*

Ultimately, if Defendants statements are true, they would constitute a meritorious defense to Plaintiff's claims.  Thus, default judgment should be denied to give Defendants an opportunity to defend themselves on the merits.

### 3. The culpability of the Defendants

The Court finds that Defendants' acts were not willful. A party's "failure to comply with the court's orders and in dragging the case out [must be] willful and not merely the result of negligence or inadvertence." *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Although Defendants twice failed to comply with this Court's Orders, once while represented by counsel and once while proceeding *pro se*, the Court finds that such failures do not constitute willful acts made in bad faith.

First, Chapman argues that Plaintiff was aware of his financial inability to secure counsel

to defend him. (Chapman's Ltr. Jun 2, 2010.) Chapman explains that Defendants were initially represented by Chapman's friend, an attorney who later withdrew when Chapman opted to proceed *pro se*. Second, Chapman argues that he is unable to work in his chosen field or promote his extensive knowledge and experience because of the temporary injunction and restraining order. (*Id.* at 2.) Chapman further argues that he engaged actively in settlement discussions with Plaintiff. Finally, the Court notes that Chapman had a death in his family in March 2010. Shortly thereafter, on March 23, 2010, Defendants responded to Plaintiff's Complaint and filed an Answer with their opposition to the instant Motion. Under the circumstances, the Court finds that Defendants' failure to comply with this Court's Orders was not willful or deliberate or otherwise in bad faith.

## IV.  CONCLUSION AND ORDER

The Court having considered the papers submitted and for the reasons set forth above,

**IT IS** on this 29th day of July, 2010

**ORDERED** that Plaintiff's Motion for Default Judgment [dkt. entry no. 13] is **DENIED**; and it is further

**ORDERED** that the entry of default against Defendants is set aside.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE